IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LISA MARIE MORIN** and **ASHLEY EPPICH**, <br><br> Plaintiffs, <br><br> v. <br><br> **FORD MOTOR COMPANY**, <br><br> Defendant. | § § § § § § § § § § § § Civil Action No. **3:07-CV-1700-L** <br> (Consolidated with 3:08-CV-779-L) |

## MEMORANDUM OPINION AND ORDER

Before the court are Ashley Eppich's Opposed Motion to Reopen Case, filed October 2, 2008; and Plaintiff [] LisaMarie Morin's Opposed Motion to Reopen Case and to Dismiss the Action Filed by Ashley Eppich, filed October 16, 2008. After careful consideration of the motions, responses, replies, briefs, appendices, record, and applicable law, the court **denies** Ashley Eppich's Opposed Motion to Reopen Case and **grants in part and denies in part** Plaintiff [] LisaMarie Morin's Opposed Motion to Reopen Case and to Dismiss the Action Filed by Ashley Eppich.

**I.   Factual and Procedural Background**

This wrongful death action arises from a rollover accident in which Robert Scott Eppich suffered injuries and died on December 19, 2006. On October 9, 2007, LisaMarie Morin ("Ms. Morin"), Robert Eppich's sister, filed this action against Ford Motor Company ("Ford"), the manufacturer of the vehicle that Robert Eppich was driving. Ms. Morin brought suit in the Northern District of Texas, Dallas Division, as the personal representative of the Estate of Robert Scott Eppich (the "Estate") "on behalf of [herself] and all persons entitled to recover by virtue of Decedent's wrongful death." Morin's Compl. 1.

**Memorandum Opinion and Order - Page 1**

Almost two months later, on December 3, 2007, Ashley Eppich ("Ms. Eppich"), Robert Eppich's wife, sued Ford in the 91st District Court, Eastland County, Texas. Ms. Eppich brought the suit individually and as the personal representative of the Estate. On April 8, 2008, Ford removed the action to the Northern District of Texas, Abilene Division. The case was then transferred to the Northern District of Texas, Dallas Division, and on June 17, 2008, the court consolidated it with the suit brought by Ms. Morin.

In this consolidated action, both Ms. Morin and Ms. Eppich claim to be the proper personal representative of the Estate. Because there was litigation regarding the administration of the Estate pending in both Texas and Arizona,[1] on July 31, 2008, the court administratively closed the case pending a determination of the proper personal representative.

Although neither the Arizona nor Texas probate court had determined the proper personal representative, on October 2, 2008, Ms. Eppich moved to reopen the case. She contends that, pursuant to Texas law, she may prosecute her own claim with an attorney that she selects. Ms. Eppich also contends that she does not want Ms. Morin or John Merritt ("Mr. Merritt"), counsel for Ms. Morin as administrator of the Estate, to represent her interests. She believes that an existing or potential conflict between her and Ms. Morin prevents Mr. Merritt from representing both of them. Ms. Eppich further contends that Ms. Morin did not have standing to bring a wrongful death action in Texas at the time this suit was filed.

On October 16, 2008, Ms. Morin responded to Ms. Eppich's motion to reopen. Ms. Morin contends that, as the lawfully appointed personal representative of the Estate, she is the only person

---

[1] On March 23, 2007, the Arizona probate court appointed Ms. Morin as the personal representative of the Estate. On June 18, 2008, the Texas probate court appointed Ms. Morin as the ancillary administrator of the Estate. Ms. Eppich opposed both appointments.

**Memorandum Opinion and Order - Page 2**

who is entitled to bring this action. She also contends that there are no ethical bars to prevent Mr. Merritt from prosecuting this action on behalf of the Estate and all statutory beneficiaries and that any defect in her standing or capacity to sue has been cured. Based on these arguments, Ms. Morin also filed a motion to reopen this case and to dismiss the case filed by Ashley Eppich. On November 5, 2008, the Arizona probate court denied Ms. Eppich's request to remove Ms. Morin as the personal representative of the Estate and authorized Ms. Morin to pursue this case on behalf of all statutory beneficiaries.

## II.   Ashley Eppich's Motion to Reopen

Ms. Eppich contends that the court should reopen this case because she is entitled to prosecute her own wrongful death claim with an attorney of her choosing. She also contends that Mr. Merritt has a conflict that prevents him from representing her. Ms. Eppich further contends that Ms. Morin did not have standing to bring a wrongful death action in Texas at the time this suit was filed. The court addresses each argument in turn.

### A.   Prosecution of Separate Claim

Ms. Eppich contends that Texas law allows her to prosecute her own wrongful death claim with an attorney that she selects. Ms. Morin contends that, as the lawfully appointed personal representative of the Estate, she is the only person who is entitled to bring this action.

The Texas Wrongful Death Act (the "Act") reads as follows:

> (a) An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.
>
> (b) The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.

**Memorandum Opinion and Order - Page 3**

> (c) If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals.

Tex. Civ. Prac. & Rem. Code Ann. § 71.004 (Vernon 2008). The Act contemplates that only one action will be brought and requires the action to be prosecuted for the benefit of all who are so entitled under the Act. *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d. 841, 850 (Tex. App.–San Antonio 1997, writ denied).

Robert Eppich died on December 19, 2006. Therefore, Ms. Eppich, the surviving spouse, could have commenced a wrongful death action for the benefit of all beneficiaries under the Act ("statutory beneficiaries") within three calendar months of December 19, 2006. § 71.004. Ms. Eppich did not file her wrongful death action until December 3, 2007–almost one year after Robert Eppich's death. At that time, however, only the executor or administrator was entitled to bring and prosecute the action unless he or she was requested not to do so by all statutory beneficiaries. *Id.* § 71.004(c). Therefore, Ms. Eppich's suit is untimely.

On March 23, 2007, the Arizona probate court appointed Ms. Morin as the sole personal representative of the Estate. In her capacity as the sole personal representative of the Estate, Ms. Morin filed a wrongful death action "on behalf of [herself] and all persons entitled to recover by virtue of Decedent's wrongful death." Morin's Compl. 1. The action was filed on October 9, 2007–well after the three-month window during which Ms. Eppich could have filed her suit. Also, other statutory beneficiaries exist, but the only one who has appeared in this case to oppose Ms. Morin's action is Ms. Eppich. It appears, therefore, that only Ms. Eppich requests that Ms. Morin not bring this action. Moreover, on November 5, 2008, the Arizona probate court authorized Ms. Morin to pursue this case on behalf of all statutory beneficiaries, including Ms. Eppich. Because

**Memorandum Opinion and Order - Page 4**

none of the individuals entitled to bring an action, including Ms. Eppich, commenced a wrongful death action within three calendar months after Robert Eppich's death and no other statutory beneficiary has requested that Ms. Morin not bring her suit, Ms. Morin is the only person entitled to bring and prosecute this wrongful death action under the Act. § 71.004(c).

None of the cases upon which Ms. Eppich relies alters the court's conclusion. The court discusses each case below.

First, Ms. Eppich contends that, pursuant to *Trostle v. Trostle*, 77 S.W.3d 908 (Tex. App.–Amarillo 2002, no pet.), it is permissible to bring two suits under the Act. In *Trostle*, the surviving spouse and two sons were statutory beneficiaries. Over ten months after the decedent's death, the surviving spouse and one of the sons filed a wrongful death action in their individual capacities. Over a year later, the decedent's will was admitted to probate, and the surviving spouse was appointed independent executrix. The pleadings were then amended "to include [the surviving spouse] in her capacity as independent executrix and as trustee of the two testamentary trusts." *Id.* at 911. A jury awarded the surviving spouse and son $13,000,000 in actual and punitive damages. Nothing was awarded to the estate or the trusts because no issue regarding the survival claim of the estate was submitted to the jury.

The surviving spouse and son ultimately settled the case for $6,500,000. The decedent's estate and two testamentary trusts were named parties to the settlement agreement, and the entities released their claims against the defendants and the defendants' insurance company. The second son contended that the surviving spouse and other son "misrepresented to him that he was included in the lawsuit [but] disbursed all of the settlement funds, from which he received nothing." *Id.* He sued the surviving spouse and other son for, *inter alia*, an alleged breach of fiduciary duty and fraud.

The surviving spouse moved for summary judgment and contended that the summary judgment evidence established that the trusts and estate were not entitled to any damages and that "no such damages could have formed any basis for the money paid by virtue of the settlement agreement. Therefore, [the second son], as a beneficiary of the estate, could not have suffered any damages as a matter of law with respect to the survival action." *Id.* at 912-13.  The second son responded that the surviving spouse had a duty to include him in the suit because the Act required the surviving spouse to bring and prosecute the wrongful death action for the benefit of all statutory beneficiaries when a lawsuit is filed more than three months after the decedent's death.  The court held that because the decedent's will was not admitted to probate and the surviving spouse was not appointed executrix of the estate until over a year after the wrongful death action was filed, the beneficiaries could bring the action outside the three-month window.  *Id.* at 913.  The court also held that defendants may waive the "one action" requirement by failing to insist upon the joinder of all statutory beneficiaries.  In that case, omitted beneficiaries have the right to bring a lawsuit to recover damages to which they may be entitled.  *Id.*

*Trostle* is factually distinguishable from this case and therefore offers no assistance.  *Trostle* stands for the proposition that statutory beneficiaries may bring a lawsuit outside the three-month window if an estate administrator has not been appointed at the time the lawsuit is filed.  In this case, Ms. Morin had been appointed as the sole personal representative of the Estate at the time both wrongful death actions were filed.  Therefore, the exception made in *Trostle* does not apply, and Ms. Eppich's wrongful death action is untimely.  Moreover, Ms. Eppich is not an omitted beneficiary.  Ms. Morin brought this action "on behalf of [herself] and all persons entitled to recover by virtue

of Decedent's wrongful death." Morin's Compl. 1. Therefore, the holding in *Trostle* that an omitted beneficiary has the right to bring a separate lawsuit also does not apply.

Second, Ms. Eppich contends that, pursuant to *Bane v. Rosser*, No. 11-01-00080-CV, 2001 WL 34375776 (Tex. App.–Eastland 2001, no pet.), it is permissible to bring two suits under the Act because the one-suit language of the Act is not mandatory. In *Bane*, a woman was killed in a one-car accident. Her husband, who was the driver of the vehicle, became executor of her estate. The decedent's son filed a wrongful death action against the husband and identified the decedent's daughter and parents as the other statutory beneficiaries. Almost a year later, the daughter intervened in the suit. The son settled his case against the husband, and the court dismissed his claim. The trial court dismissed the daughter's claims because she intervened after the two year statute of limitations period. On appeal, the daughter argued that her claims were not time-barred because her intervention related back to the date the brother first filed the action. The appellate court determined that the brother's pleading did not assert a cause of action on behalf of the daughter. *Id.* at *3. It therefore determined that her claims did not relate back and were barred by the statute of limitations. *Id.* at *4.

*Bane* is also factually distinguishable from this case. In *Bane*, two statutory beneficiaries sought to assert their individual wrongful death claims. The court recognized the daughter's right to assert her own claims, but dismissed the claims because they were time-barred. In this case, however, the representative of the estate brings this action on behalf of *all* statutory beneficiaries. Therefore, the holdings in *Bane* do not apply to the facts of this case.

Third, Ms. Eppich contends that, pursuant to *Avila,* 948 S.W.2d at 855, a beneficiary who does not participate in the suit is not bound by a release executed by beneficiaries or an executor on

**Memorandum Opinion and Order - Page 7**

behalf of all beneficiaries. In *Avila*, the surviving spouse and two sons were statutory beneficiaries. The adult children filed a wrongful death action in their individual capacities. The pleadings did not mention any other statutory beneficiaries and did not purport to be filed for the benefit of any other statutory beneficiaries. The adult children settled their claims, and a take-nothing judgment was entered in favor of the defendants. Approximately four years later, the mother of the decedent's minor daughter filed a wrongful death action against two of the defendants who settled with the adult children. Based on the take-nothing judgment entered in the adult children's case, the defendants argued that the minor child was collaterally estopped from bringing her action. The court recognized that defendants may waive the Act's "one action" requirement by failing to insist upon the joinder of all statutory beneficiaries. *Id.* at 850. It held that the minor child's case was not barred because "[a] person who is not a party or privy to a party to an action in which a valid judgment other than a judgment in rem is . . . not bound by or entitled to claim the benefits of an adjudication upon any matter decided in the action." *Id.* at 854.

Ms. Eppich's reliance on *Avila* is misplaced. In *Avila*, the adult statutory beneficiaries asserted their *individual* wrongful death claims. Therefore, the judgment was binding on them alone. In this case, however, Ms. Morin brings and prosecutes this action on behalf of *all* statutory beneficiaries. Therefore, the judgment will be binding on all statutory beneficiaries.

Fourth, Ms. Eppich contends that, pursuant to *Providence Health Ctr. v. Dowell,* 167 S.W.3d 48 (Tex. App.–Waco 2005), *rev'd on other grounds*, 262 S.W.3d 324 (Tex. 2008), a beneficiary may object to an administrator filing suit on her behalf or she may intervene in the action brought by the administrator. In *Providence*, decedent's parents and child were statutory beneficiaries. The parents filed a wrongful death action individually and on behalf of the estate. The jury found in the parents'

favor, and the defendants appealed. The defendants argued that judgment was improper because the parent's failed to join decedent's child and because the action was filed after the three-month window. With respect to the first argument, the court held that judgment was proper because the "suit was brought on behalf of all parties entitled to bring a wrongful death suit." *Id.* at 58. With respect to the second argument, the court held that the parents had standing to sue because they were entitled to bring a suit individually under section 71.004(b) and that the mother was entitled to bring the action on behalf of the estate under section 71.004(c) because she was the adminstratrix. *Id.* The court held that the trial court's refusal to abate the action was not error because the minor child (or his next friend) "did not bring a suit within three months, did not object to [the mother] filing as adminstratrix, and declined an invitation to join the [parent's] case." *Id.*

The *Providence* court held that the action should not be abated for three reasons: the allegedly omitted beneficiary (i) did not bring a suit within three months, (ii) did not object to [the mother] filing as adminstratrix, and (iii) declined an invitation to join the [parent's] case. The wrongful death action was brought by the mother on behalf of the estate ***and*** by the parents individually. With respect to the mother's suit on behalf of the estate, the court determined that the action should not be abated because the minor child did not bring a suit within three months and did not object to the mother filing as adminstratrix. *See* § 71.004(c). Therefore, the court's reasoning merely tracked the provisions of section 71.004(c). With respect to the suit brought by the parents individually, the court determined that the action should not be abated because the minor child declined an invitation to join the parent's case. *See, e.g., Bane*, 2001 WL 34375776 at *1 (allowing one statutory beneficiary to intervene in action brought by another statutory beneficiary). Therefore, the court's reasoning merely tracked existing case law. Accordingly, this case does not create any

**Memorandum Opinion and Order - Page 9**

new rights. If Ms. Eppich desired to pursue her own claims, she should have done so within the three-month window prescribed by the Act.

Fifth, Ms. Eppich contends that, pursuant to *Serv-Air, Inc. v. Profitt,* 18 S.W.3d 652 (Tex. App.–San Antonio 1999, pet dism'd by agr.), a suit brought by a statutory beneficiary may be tried with an action brought by the administrator in one proceeding. In *Serv-Air*, a wrongful death action arose from an airplane crash in which all aboard were killed. The action (the "first action") was filed by the statutory beneficiaries of one of the deceased persons. The wife of a second deceased person and his children intervened in the action. The wife of the second decedent was the independent executor for his estate. One day prior to the intervention, the parents of the second decedent filed a separate wrongful death action (the "second action"). One of the defendants in the first action filed a motion to abate the first action because all of the statutory beneficiaries of the second decedent had not been joined. The court denied the motion because it determined that the second action was untimely and that the wife, as the independent executor, timely intervened in the first action. The parents later settled their claims by taking a portion of the recovery in the first action and nonsuiting the second action. The court determined that the trial court correctly applied section 71.004(c) in determining that the proper plaintiff representative was the executor of the second decedent's estate.

Relying on *Serv-Air*, Ms. Eppich contends that her suit may be tried with Ms. Morin's suit in the same proceeding. That, however, is not what occurred in *Serv-Air*. In *Serv-Air*, the parents abandoned their claims and took an assignment of the judgment in the intervenor's case. Therefore, Ms. Eppich's reliance on *Serv-Air* is misplaced.

Sixth, Ms. Eppich contends that, pursuant to *Tamez v. Mack Trucks, Inc.,* 100 S.W.3d 549 (Tex. App.–Corpus Christi 2003), *rev'd on other grounds*, 206 S.W.3d 572 (Tex. 2006), statutory

beneficiaries may intervene in a suit brought on their behalf and assert their own claims. In *Tamez*, a wrongful death action was brought by the next friend of the decedent's minor children. The next friends of the rest of the decedent's minor children intervened. Another statutory beneficiary also intervened, individually and as administrator for the estate.

Ms. Eppich contends that *Tamez* allows statutory beneficiaries to intervene in suits brought on their behalf. In *Tamez*, however, the suit was not brought on behalf of all statutory beneficiaries. *See id.* at 552 n.2 ("Appellant, Elizabeth Tamez as next friend of Abram Joshua Tamez and Erica Roxanne Tamez, minor children, was the plaintiff below."). Therefore, the remaining statutory beneficiaries intervened to pursue their claims. In this case, Ms. Morin brings and prosecutes this action on behalf of *all* statutory beneficiaries. Therefore, pursuant to *Tamez*, there is no basis for Ms. Eppich to intervene.

Seventh, relying on *Lopez-Rodriguez v. City of Levelland,* No. Civ. A. 502CV073C, 2004 WL 1746045 (N.D. Tex. 2004), Ms. Eppich contends that federal courts in the Northern District of Texas also recognize that statutory beneficiaries may file a wrongful death action outside the three-month window. In *Lopez-Rodriguez*, a wrongful death action was brought by decedent's parents and the next friend of his minor children. The defendants contended that because the action was brought more than three months after the decedent's death, the statutory beneficiaries no longer had standing, and the wrongful death action could only be brought by the administrator of the estate. The record reflected that the decedent's debts were paid, he owned no real estate, and his heirs had reached an agreement regarding the division of the property (including any proceeds from the lawsuit); therefore, the family had resolved the disposition of the estate without the need for estate administration. Because estate administration was neither pending nor necessary, the court held that

**Memorandum Opinion and Order - Page 11**

"[s]ection 71.004(c) does not operate to cut short a plaintiff's claim that the plaintiff brings in his or her own name." *Id.* at *10.

*Lopez-Rodriguez* is factually distinguishable from this case and therefore lends no support to Ms. Eppich's argument. Because estate administration was not necessary in *Lopez-Rodriguez*, no estate administrator had been appointed nor would one be appointed. Therefore, the court determined that the statutory beneficiaries were permitted to bring the action outside the three-month window. Although the *Lopez-Rodriguez* court did not rely on *Trostle* in its analysis, its holding accords with *Trostle*, which held that the statutory beneficiaries may bring a suit outside the three-month window when an administrator for the estate had not been appointed. In this case, Ms. Morin has been appointed as the sole personal representative of the Estate and had been so appointed at the time both wrongful death actions were filed. Therefore, the exceptions made in *Lopez-Rodriguez* and *Trostle* do not apply, and Ms. Eppich's is not permitted to bring a separate wrongful death action.[2]

As previously stated, Ms. Morin is the only person entitled to bring and prosecute this wrongful death action under the Act. Moreover, none of the cases upon which Ms. Eppich relies alters this conclusion. Therefore, Ms. Eppich is not entitled to prosecute her own wrongful death claim.

### B.   Mr. Merritt's Alleged Conflict

Ms. Eppich argues that because she is adverse to Ms. Morin in the Arizona and Texas probate proceedings and because Mr. Merritt, by filing a motion to dismiss Ms. Eppich's suit,

---

[2]Ms. Eppich also makes an argument with respect to *Colgate v. Perkins*, 48 S.W.2d 1007 (Tex. App.–Texarkana 1932, writ ref'd). Because she states that she is preserving the argument rather than urging it at this time, however, the court does not herein address it.

**Memorandum Opinion and Order - Page 12**

"sought to deny Ms. Eppich the right to prosecute her individual claim in this Court on [a] technicality," a conflict exists that precludes Mr. Merritt from representing both her and Ms. Morin. In response, Mr. Merritt states the following:

> [I]t has been rare, indeed, over his forty (40) year career, that he has been unable to sit down with any wrongful death beneficiary, even though there may be a great deal of inter-family feuding and ill feelings, and explain his fiduciary responsibilities to all such wrongful death beneficiaries, and gain their trust and cooperation.

Morin's Resp. 13-14. Mr. Merritt contends that he will be able to fulfill his fiduciary duties to Ms. Eppich and effectively communicate with her if he is given the opportunity to do so.

Ms. Morin brings this suit "on behalf of all persons entitled to recover by virtue of Decedent's wrongful death." Morin's Compl. 1. As the court previously stated, if Ms. Eppich desired to pursue her own claims, she should have done so within the three-month window prescribed by the Act. Because she failed to do so, she must cooperate with the litigation instituted on her behalf. That Mr. Merritt opposed Ms. Eppich's attempt to bring a separate action because she was not authorized to bring it under Texas law does not affect his ability to represent her interests in the suit that was properly filed. Moreover, a conflict is not created by the adversarial proceedings in either of the probate courts. The record reflects that Mr. Merritt did not represent Ms. Morin in Arizona probate court. The proceedings in Texas probate court were ancillary to the Arizona probate proceedings. Although Mr. Merritt sought to have Ms. Morin appointed as ancillary administrator in the Texas probate court, such appointment was merely a reflection of what had already been decided by the Arizona probate court.

The action brought by Ms. Morin is comprised of two separate and distinct claims–a survival claim and a wrongful death claim. A survival claim is one that belongs to the decedent because it

arises from injuries sustained while the decedent was alive. *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 849-50 (Tex. 2005). Upon the decedent's death, the survival claim becomes part of the decedent's estate, and the representative must bring the cause of action. *Id.* at 850. The recovery obtained from a survival claim flows to the decedent's heirs, legal representatives, and estate. *Id.* In contrast, a wrongful death claim belongs exclusively to the statutory beneficiaries, and it does not benefit the estate. *Sowell v. Dresser Ind.*, 866 S.W.2d 803, 807 (Tex. App.–Beaumont 1993, writ denied). The wrongful death statute, however, vests estate administrators with the authority to pursue wrongful death actions on behalf of the statutory beneficiaries if they have not brought an action on behalf of themselves within three months after the death of the decedent. *See* § 71.004(c).

Based on the foregoing, the sole claim in which Ms. Morin, as the decedent's sister and sole heir, has an interest is the survival claim.[3] The sole claim in which Ms. Eppich, as decedent's wife, has an interest is the wrongful death claim. Therefore, no conflict exists between Ms. Morin's interests and Ms. Eppich's interests. Moreover, Ms. Eppich does not argue that a conflict exists between her and the decedent's parents, who are the other statutory beneficiaries. Therefore, the court presumes no conflict exists. Accordingly, the court determines that no conflict exists that precludes Mr. Merritt from prosecuting this action on behalf of all who may be entitled to recover, including Ms. Eppich.

### C.   Ms. Morin's Standing and Capacity to Sue

Ms. Eppich further contends that Ms. Morin did not have standing to bring a wrongful death action in Texas at the time this suit was filed. Ms. Morin counters that any defect in her standing or capacity to sue has been cured.

---

[3] The Arizona probate court determined that Ms. Morin was the sole beneficiary under Decedent's Last Will and Testament dated April 1, 2002, which is the will being probated in the probate courts in both states.

**Memorandum Opinion and Order - Page 14**

Section 71.004(c) of the Act confers the executor or administrator of an estate with standing to bring and prosecute a wrongful death action. Therefore, Ms. Morin, as the personal representative of the Estate has standing to bring the action. Ms. Eppich appears to instead challenge Ms. Morin's capacity, or legal authority, to bring this action. Texas law with respect to the capacity of a personal representative for the estate of a nonresident individual to bring a wrongful death action is as follows:

> If the executor or administrator of the estate of a nonresident individual is the plaintiff in an action under this subchapter, the foreign personal representative of the estate who has complied with the requirements of Section 95, Texas Probate Code, for the probate of a foreign will is not required to apply for ancillary letters testamentary under Section 105, Texas Probate Code, to bring and prosecute the action.

§ 71.012. Section 95 of the Texas Probate Code provides as follows:

> If [a] will has been probated or established in the jurisdiction in which the testator was domiciled at the time of his death, it shall be the ministerial duty of the clerk to record such will and the evidence of its probate or establishment in the minutes of the court. No order of the court is necessary. When so filed and recorded, the will shall be deemed to be admitted to probate, and shall have the same force and effect for all purposes as if the original will had been probated by order of the court, subject to contest in the manner and to the extent hereinafter provided.

Texas Probate Code § 95(d)(1) (Vernon 2003).

On March 23, 2007, the Arizona probate court appointed Ms. Morin as the personal representative of the Estate. On October 9, 2007, Ms. Morin filed this wrongful death action, but the Texas probate court did not appoint her as the ancillary administrator of the Estate until June 18, 2008. Therefore, at the time she filed this wrongful death action, Ms. Morin did not have the legal capacity to bring the action. Texas courts, however, have interpreted section 71.012 such that an

**Memorandum Opinion and Order - Page 15**

administrator's later-obtained capacity relates back to the initiation of the lawsuit to cure the administrator's lack of capacity at the time the suit was filed. *Austin Nursing Ctr.*, 171 S.W.3d at 851-54; *Lorentz v. Dunn*, 171 S.W.3d 854, 856 (Tex. 2005). Because Ms. Morin was ultimately appointed ancillary administrator by the Texas probate court, her later-acquired capacity cured her previous lack of capacity.

**III.    Conclusion**

For the reasons herein stated, the court determines that only Ms. Morin, as the personal representative for the Estate, is entitled to bring and prosecute this wrongful death action under the Act. Therefore, the court **denies** Ashley Eppich's Opposed Motion to Reopen Case, **grants** Plaintiff [] LisaMarie Morin's Opposed Motion to Reopen Case and to Dismiss the Action Filed by Ashley Eppich to the extent that it **dismisses** Ms. Eppich as a plaintiff, and **denies** Plaintiff [] LisaMarie Morin's Opposed Motion to Reopen Case and to Dismiss the Action Filed by Ashley Eppich to the extent that it **declines** to reopen the case at this time. The action in Arizona probate court is on appeal, and the Texas probate court has stayed its proceedings. No purpose is served by proceeding with this case at this time other than a waste of judicial resources. *The court will reopen this case upon written notification that a final determination as to the proper personal representative has been made by the Arizona courts. The court will not reconsider this opinion unless there is a change in the applicable law, or a ruling by the Arizona courts necessitates reconsideration.*

**It is so ordered** this 12th day of August, 2009.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge